UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BERNARD DEWITT WILLIAMS,

*Defendant-Appellant.*

No. 01-4102

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-88-197-WS, CR-90-89-G)

Submitted: August 23, 2001

Decided: September 6, 2001

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

While serving a term of supervised release, Bernard Dewitt Williams violated the conditions of his supervised release. The district court revoked his supervised release term and imposed an eleven-month prison term to be followed by a term of supervised release ending on January 14, 2004, the date his original supervised release term was scheduled to expire. Williams timely appealed. Williams' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue, but stating that, in his opinion, there are no meritorious issues for appeal. Although he was advised of his right to do so, Williams has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Williams argues that the district court lacked the authority to impose a term of supervised release upon the revocation of his original term of supervised release and the imposition of a prison term, because (1) although such sentences now are permitted by 18 U.S.C.A. § 3583(h) (West 2000), a provision enacted after Williams committed his crimes, retroactive application of this provision to him violates the Ex Post Facto Clause, and (2) it was unclear whether under former 18 U.S.C. § 3583(e) (1994), the law existing when Williams committed his original offenses, the district court could impose both a prison term and a new term of supervised release.

These claims were squarely addressed by the Supreme Court of the United States in *Johnson v. United States*, 529 U.S. 694 (2000). In *Johnson*, the Supreme Court held that the current provision governing the imposition of supervised release following a revocation, 18 U.S.C.A. § 3583(h), does not apply retroactively to the revocation of supervised release for an individual whose original offense occurred before its effective date of September 13, 1994. *Id.* at 702. Consequently, the Court rejected the petitioner's ex post facto argument and

determined that the validity of the petitioner's sentence depended solely on whether the imposition of supervised release following reimprisonment was authorized by the former 18 U.S.C. § 3583(e). *Id.* at 702-03. The Court concluded that the former § 3583(e) permits a sentencing court, upon revocation of an individual's supervised release, to impose both a term of imprisonment and a term of supervised release. *Id.* at 713. Petitioner's sentence was therefore upheld.

The case currently before us is indistinguishable from *Johnson*. Williams' original offenses occurred in 1988; revocation of his supervised release therefore is governed by former § 3583(e). Because this provision permits a sentencing court, upon the revocation of supervised release, to impose a sentence of imprisonment followed by a term of supervised release, the district court's sentence in this case was proper.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm the district court's order revoking supervised release and imposing a prison term followed by a term of supervised release. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Counsel's current motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*